**E-FILED**
Monday, 27 November, 2006  09:01:42 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES UTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3017 |
| | ) | |
| ALONZO MONK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant State Officials' Motion for Summary Judgment (d/e 32). The Plaintiff James Utley alleges that the Defendant state officials Governor Rod R. Blagojevich, Alonzo Monk, Donald Snyder, Jr., Roger Walker, Jr., Julie Curry, Michael Rumman, and James Underwood (the "Defendants") fired him from his state employment, and in doing so they denied him his property interest in his employment without due process. The Court granted the Defendants judgment on the pleadings on Utley's other claim that the Defendants fired him because of his political affiliation in violation of his First Amendment rights. <u>Opinion entered December 20, 2005 (d/e 28)</u>. The Defendants now

1

move for summary judgment on the due process claims.  The undisputed facts show that Utley was a probationary employee when he was fired and so had no property interest in his employment.  The Defendants are therefore entitled to summary judgment.  The Motion is allowed.

<u>STATEMENT OF FACTS</u>

Utley worked for the Illinois Department of Corrections (IDOC).  His employment was terminated on November 30, 2002.  The next day, however, on December 1, 2002, Utley was reinstated as the Chief Records Officer for the Department.  He was then a probationary employee.  The probationary period was four months for reinstated employees.  80 Ill. Adm. Code § 302.610(a) (1998).  On February 10, 2003, less than four months after the December 1, 2002, reinstatement, Utley was again terminated from his employment with the Department.  On May 22, 2003, he was again reinstated as Chief Records Officer for the Department.  He was, again, a probationary employee.  The probationary period was, again, four months.  On September 19, 2003, less than four months after his May 22, 2003, reinstatement, Utley was again fired.  This time he was not reinstated. <u>Memorandum of Law in Support of State Officials' Motion for Summary Judgment (d/e 33)</u>, <u>Statement of Undisputed Facts</u>, ¶¶ 5-14; <u>Plaintiff's</u>

Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (d/e 35) (Plaintiff's Opposition), Response to Defendants' Statement of Undisputed Material Facts, ¶¶ 5-14.

Utley does not deny any of these facts and does not deny that he was terminated on February 10, 2003, and September 19, 2003. Id., at 5 ("In the case at bar, Utley, was terminated on February 10 and September 19, 2003 . . . ."). He only denies that the last two terminations were properly completed. According to Utley, the Defendants did not follow the correct procedures in terminating him on February 10, 2003, and also on September 19, 2003. On February 10, 2003, the Defendant put the wrong transaction code on the CMS-2 transaction form used to memorialize the termination. On September 19, 2003, the Director of IDOC did not sign the CMS-2 Form used to memorialize the termination. Id., Plaintiff's Statement of Undisputed Material Facts, ¶¶ 1-3.

## ANALYSIS

The Defendants now move for summary judgment. At summary judgment, the Defendants must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented

in the light most favorable to Utley.  Any doubt as to the existence of a genuine issue for trial must be resolved against the Defendants.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Once the Defendants have met their burden, Utley must present evidence to show that issues of fact remain with respect to an issue essential to his case, and on which he will bear the burden of proof at trial.  Celotex Corp., 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Utley claims that the Defendants fired him in violation of his rights to due process.  To establish this claim, Utley must present evidence that he had a property interest in his employment and the Defendants denied him that property interest without due process.  Polenz v. Parrott, 883 F.2d 551, 555 (7th Cir. 1989).  To have a property interest, a state employee must have a legitimate claim of entitlement to continued employment.  Bd. of Regents of State Coll. v. Roth, 408 U.S. 564, 577 (1972).  A probationary state employee in Illinois has no property interest in his continued employment.  Farmer v. Lane, 864 F.2d 473, 480 (7th Cir. 1988).  Thus, Utley had no property interest in his probationary employment when he was fired on February 10, 2003, and September 19, 2003.  The Defendants

4

are entitled to summary judgment.

Utley cites Illinois cases that hold that municipal probationary employees are entitled to a writ of mandamus to require their employers to follow proper procedures when firing them. <u>Farmer v. McClure</u>, 172 Ill.App.3d 246, 526 N.E.2d 486 (1st Dist. Ill.App. 1988); <u>Charles v. Telford</u>, 48 Ill.App.3d 928, 931, 363 N.E.2d 613, 615 (4th Dist. Ill.App. 1977). These cases only establish a right to have procedures followed. A right to certain procedures, however, does not create a property interest in employment. <u>See</u> <u>Shvartman v. Apfel</u>, 138 F.3d 1196, 1198 (7th Cir. 1998); <u>Berry v. Illinois Dept. of Transp.</u>, 333 F.Supp.2d 751, 756-57 (C.D. Ill. 2004). A property interest exists only if the state official cannot discharge the employee without cause. <u>See</u> <u>Farmer</u>, 864 F.2d at 480. Utley, arguably, may have had a procedural right to have the Defendants use the right transaction code and to have the Director sign the form, but neither of those procedures limited the Defendants' discretion to fire him without cause.

Utley cites other Illinois cases that found that probationary employees of certain municipalities stated due process claims as a result of their firings. <u>Gutierrez v. City of Chicago</u>, 605 F.Supp. 973, 976 (N.D. Ill. 1984); <u>Lewis v. Hayes</u>, 152 Ill.App.3d 1020, 1024, 505 N.E.2d 408, 411 (3rd Dist.

Ill.App. 1987).   In <u>Gutierrez</u> and <u>Lewis</u>, the probationary municipal employees could only be fired for cause.  <u>Gutierrez</u>, 605 F.Supp. at 976; <u>Lewis</u>, 505 N.E.2d at 411.  Illinois state probationary employees can be fired without cause, and so, have no property interest in their employment. <u>Farmer</u>, 864 F.2d at 480.[1]

Utley also argues that the four-month probationary period is actually one hundred twenty days rather than four months.  Utley presents no authority for this argument.  The regulation says four months, not one hundred twenty days.  80 Ill. Adm. Code § 302.610(a) (1998).  The Court sees no basis to re-write the regulation.  The probationary period was four months.  Utley was fired, both on February 10, 2003, and on September 19, 2003, before the four-month period was completed.  He was a probationary employee and had no property interest in his employment.   The Defendants, thus, did not deny him any property when they fired him. Because the Defendants did not violate Utley's constitutional rights, the

---

[1]Utley also relies on the case of <u>Alberty v. Daniel</u>, 25 Ill.App.3d 291, 323 N.E.2d 110 (1st Dist. Ill.App. 1974).  The <u>Alberty</u> court did not address the due process issue. Rather, the <u>Alberty</u> court found that the plaintiff stated a § 1983 claim for racial discrimination and a state-law claim for violation of rules and procedures.  <u>See</u> <u>Farmer</u>, 864 F.2d at 480 n.6.  To the extent that the <u>Alberty</u> court recognized a due process claim based on a failure to follow procedures rather than the existence of a property interest in employment, the Seventh Circuit declined to follow that ruling.  <u>Id.</u>  This Court must follow the Seventh Circuit and so also declines to follow such a ruling.

Court does not reach the issue of qualified immunity.  <u>Saucier v. Katz</u>, 533 U.S., 194, 201 (2001).

THEREFORE, the State Officials' Motion for Summary Judgment (d/e 32) is ALLOWED.  Summary judgment is hereby entered in favor of the Defendants Rod R. Blagojevich, Alonzo Monk, Donald Snyder, Jr., Roger Walker, Jr., Julie Curry, Michael Rumman, and James Underwood, and against Plaintiff James Utley.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   November 27, 2006.

FOR THE COURT:


s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE